UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DONALD OLIVER STOUTE, JR.,   )
          Plaintiff,         )
                             )
     v.                      ) C.A. No. 04-10940-MEL
                             )
BEATRIZ E. VAN MEEK, et al., )
          Defendants.        )
```

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is granted an additional thirty-five (35) days from the date of this Order to submit an amended complaint, or this action will be dismissed without prejudice.

### BACKGROUND AND ALLEGED FACTS

On April 26, 2004, pro se plaintiff Donald Oliver Stoute, Jr. filed a two-page § 1983 civil rights complaint in the District Court for the Eastern District of New York, along with an application to proceed without prepayment of fees. Pursuant to an Order May 5, 2004 (Bloom, M.J.), this action was transferred to the District of Massachusetts. Plaintiff's application to proceed without prepayment of fees will be granted in a separate order.

Based on the allegations in the complaint, it appears that plaintiff may be a parolee from a Massachusetts state penal institution. His complaint lists the names and titles

of four parole officers and/or Massachusetts state officials and alleges that these defendants "did deprived [sic] the Plaintiff Donald Oliver Stoute Jr., of the right to be free from unreasonable seizures guaranteed by both Federal and State Constitutions...."  Complaint p. 1.  The complaint, however, provides absolutely no further factual allegations as to the nature of defendants' alleged wrongful conduct. Complaint pp. 1-2.

In his request for relief, plaintiff seeks an order enjoining defendants from using a "electronical monitoring" with respect to plaintiff, and an order directing defendants to give plaintiff "his choice of abuse treatment."  Complaint p. 2.

### ANALYSIS

I.  Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee.  His complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915.  See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to

2

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

II. Plaintiff's Complaint Is Subject To Dismissal

Although the Court recognizes that pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal.  Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  This standard also applies to § 1983 actions such as plaintiff's.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167-69 (1993).

Despite this relatively low pleading standard, a § 1983 plaintiff is nevertheless required to plead "enough for a necessary inference to be reasonably drawn" regarding his

claims for relief.  Torres-Viera v. Laboy-Alvarado, 311 F.3d 105, 108 (1st Cir. 2002).  In this case, plaintiff's complaint entirely lacks any factual allegations regarding the alleged wrongdoing of defendants.  Plaintiff has simply not pled sufficient facts which, if proved, would be consistent with his claim for relief under § 1983.

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff is granted an additional thirty-five (35) days from the date of this Order to submit an amended complaint conforming to the requirements of Fed. R. Civ. P. Rule 8(a) and setting forth those facts which, if proved, would entitle him to relief, or plaintiff's complaint will be dismissed without prejudice.
SO ORDERED.
Dated at Boston, Massachusetts, this 1st day of June, 2004.


     s/ Morris E. Lasker
     UNITED STATES DISTRICT JUDGE