... COURT
                                                                  ...CT OF MASS.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

DONALD OLIVER STOUTE Jr.,
    Plaintiff,

            2004 JUL -6  P 6: 09
    C.A. N0. 04-10940-MEL

v.

    AMENDED COMPLAINT

BEATRIZ E. VAN MEEK, et. al.,
    Defendant.

    SHOW OF CAUSE  FILED
                         ...'S OFFICE

1. Plaintiff contends that the Massachusetts Parole authorities illegally imposed electronic monitoring bracelet upon his person and in so doing placed him under a harsh burden.
2. Plaintiff was detained by defendants on September 2nd 2003, for violations which stems from said electronic monitoring bracelet.
3. On November 1st 2003, New York InterState Parole took Plaintiff from (M.C.I.) Concord, Massachusetts and returned Plaintiff to New York State for a final Parole Hearing based on said violations.
4. On January 26th 2004, Plaintiff being held at Rikers Island was brought before final Parole Hearing Judge Casey.
5. The Division of Parole was given ample time to produce the authorized Certified documentation for having placed Plaintiff on a three months electronic monitoring bracelet program. Massachusetts Authorities where negligent and bios by placing Plaintiff into a probation program which requires a sentencing procedure by a judicial judge.
6. for three months Plaintiff was placed under harsh conditions which he did comply with and completed, yet, at the end of the 90 days program Plaintiff was detained and incarcerated for an extended 133 days for violations which where not sustained for failure to provide by a preponderance of credible evidence the terms of specific conditions, RE: ELECTRONIC MONITORING BRACELET PROGRAM .(SEE EXHIBIT A , B, C, D, E, F, PETITION TO MASSACHUSETTS PAROLE BOARD TO REINSTATE PLAINTIFF; PETITION FOR WRIT OF HABEAS CORPUS).
7. Title 42 U.S.C.A. Section 1983 Civil Action for deprivation of rights states: Every person who under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that any action brought against a judicial officer for an act of omission taken in such

officer's judicial capacity, injuctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section any act of congress applicable exclusively to the District of Colombia. (R.S. Section 1979; Pub.L. 96-170, section1, Dec. 29, 1979, 93 Stat. 1284  Pub.L. 104-317, Title III, Section 309 (c), Oct. 19, 1996, 110 Stat. 3853.)

8. Plaintiff brings forth his claim before this Court against Defendants herein mentioned, because of their negligence Plaintiff has sustained Mental anguish, Emotional distress, and Monitary loss in his daily communial life with his wife Mrs. Lorna Angela Gray/Stoute Jr.

9. The Plaintiff request that the Court correct all errors as your Plaintiff is a layman at Law, pursuant to section 2101:6, of C. P. L. R. and for such other relief as to this Honorable Court may deem just and proper.