UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD OLIVER STOUTE Jr., )
         Plaintiff, )
          )
V. )  C. A. No. 04-10940-MEL
          )
BEATRIZ E. VAN MEEK, et al. )  AMENDED COMPLAINT
         Defendants. )

### AFFIDAVIT

I, Donald Oliver Stouten Jr., state that the following facts herein are true to the best of my knowledge and information:

1. My name is Donald Oliver stouten Jr., born on March 2nd 1963, in the city of PANAMA, Republic of PANAMA.

2. I Am 41 years of age, a naturalized citizen of the United States, and the Plaintiff in this Civil Action before this Honorable Court.

3. Plaintiff is espouse to Mrs. Lorna Angela Gray//Stouten Jr., a resident and employed registered Nurse of the state of the Commonwealth of Massachusetts, who resides at 41 Pierce Street Leominster, Massachusetts.

4. On the 9th day of May, 1991, Plaintiff was sentence in the County of KINGS, at a term of the Supreme Court, Judge Cesar Quinones presiding; 10-0-0/20-0-0 years for Rob. 1 (B) and 3-6-0/7-0-0 years for Rob. 3rd (D) running concurrent.

1

*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

was granted an Interstate Parole Compact agreement, to be paroled from the State of New York to the State of the Commonwealth of Massachusetts. Plaintiff was granted this Privilege by Parole Commissioner I. Gonzales, Commissioner M. B. Jones, and Commissioner Vanessa Clarke, at Comstock Great Meadows Correctional Facility, Great Meadows, New York.

5. On August 7th in the year 2000, Plaintiff was release from incarceration to out of State Parole, from: Queens Borough-Correctional Facility, Long Island City, New York, to: Parole Officer Brion Testa ( MASSACHUSETTS PAROLE BOARD ) Worcester County, at 332 Main Street Suit 201, Worcester, Massachusetts 01608.

6. Plaintiff began parole supervision via the Interstate-Compact in Massachusetts, taking up residence with his wife Mrs. Lorna A. Gray/Stoute Jr. at 33 Mill Street, South Lancaster, Massachusetts 01561. Plaintiff was employed by PFERD Corp., Jytek Industrial Park Leominster, Massachusetts. On February 4th 2003 Plaintiff tested positive for cocaine use at Worcester Parole office, he received a Massachusetts warning ticket requiring weekly reporting and random urinalysis. On March 20th 2003 Plaintiff received a second positive urine screening at the Worcester County Sheriff Department ( Community Correctional Center ) Fitchburg, Massachusetts.

7. On (Monday) March 24th 2003, Plaintiff while at work at Jytek Industrial Park, was approach by his Warehouse-Supervisor ( Mark

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Leblanc) and taking to a conference room where two Deputy-Police-Officers and two Parole officers (one being Parole Officer Testa) detained Plaintiff and Incarcerated him at (MCI) Massachusetts Correctional Institution, Concord, Massachusetts.

8. On April 8th 2003, Plaintiff was brought before defendant (Parole Examiner) Steven Kelly and did testify that he did not take any illegal drugs since testing positive on February 4th 2003,. Plaintiff testified that he has a lodged Fragment of a 38caliber-bullet in the middle of his back close to his spinal card and this condition causes him great pain during transient change of the weather.

9. Plaintiff's Wife, Mrs. Lorna Angela Gray/Stoute Jr. came to said hearing bringing along with her Dr. Rajesh Dharampuriya, (M.D. Internal Medicine) (3) priscriptions which Plaintiff was order to take for his medical conditions.

10. Plaintiff's Elders (Elder Todd Earl, Elder Herman Coleman, Elder Dr. Saul Torres, Sister Gloria Coleman, and Sister Maria Torres ) from his Church in his Community at 225 Summer Street-Fitchburg, Massachusetts, where present at his Preliminary Parole Revocation Hearing and did testify based upon their observation of Plaintiff in their Community and Church Family...

11. Through conversations with New York-Inter-State-Parole and Massachusetts-Parole Supervisor Defendant Parole Officer Felix Claxton and field officer Defendant (Parole-officer) Brion Testa it was ascertained that after the plaintiff's dirty urines he was not referred to a substance abuse treatment. New York-Inter-State

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Parole requested that the Plaintiff be given another opportunity to remain drug-free with the support of out-patient or in-patient Drug-Treatment Program. Massachusetts was directed to establish the same as soon as possible. New York-Interstate Parole issued a warning letter to Plaintiff indicating that if he did not successfully complete treatment he would be returned as a parole violator. (SEE EXHIBIT C, C-1, C-2, C-3, NEW YORK STATE EXECUTIVE DEPARTMENT – DIVISION OF PAROLE)

12. On (Thursday) May 22nd 2003, Plaintiff was reinstated to parole status at (M.C.I.) MASSACHUSETTS CORRECTIONAL INSTITUTION, concord, Massachusetts, and released under the following written conditions:    1. SEEK DRUG COUNSELING

   2. SEEK AND MAINTAIN EMPLOYMENT

   3. COMPLETE OUT-PATIENT OR IN-PATIENT DRUG-TREATMENT.

13. On (Friday) May 23rd 2003, Plaintiff reported to the Worcester Parole office, (defendant) Parole-officer Brion Testa left message for Plaintiff to Seek employment, attend alcoholic anonymous, narcotics anonymous meetings, and to report every Tuesday to the Worcester Parole office.

14. On (Tuesday) May 27th 2003, Defendant, Parole –officer Brion Testa made the following statement to Plaintiff:

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

"you told the Examiner that you did not get high on crack cocaine. You don't belong on Parole you should be in prison"

Plaintiff spoke with Defendant Supervisor Parole Officer Felix Claxton requesting to be placed under someone else's supervision. His response was that: "Not Possible". " I agree with his opinion and it's only his opinion"_ Said Defendant Supervisor Parole-officer Felix Claxton .   Plaintiff made several calls to a Mr. Brown at the Regional office in Framingham , Massachusetts leaving his name, address and telephone # on Mr. Brown's answering machine but never did receive any reply to his complaint .

15.   On (Tuesday) June 3rd 2003 , Plaintiff was questioned  by defendant (Parole-officer) Brion Testa whether the Plaintiff wanted to participate in the Worcester County Sheriff's department Community Corrections Center program? Plaintiff agreed to attend to said program not being told during this conversation by Paroled-officer Brion Testa that the program was a probationary program which required Electronic-monitoring–Bracelet .

On (Friday) June 6th 2003 , Plaintiff was interview by a Ms. EVA , coordinator of said program , receiving  a program schedule which indicates the day of said interview ,  the day of commencement of said program , and the  day in which the program was to be completed.   On (Monday) June 9th 2003 , Plaintiff was placed on Electronic monitoring bracelet  in his home,

Where he remained under house arrest on his days-off  from work , weekends , and during the non-program  hours.

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

16. On (Monday) September 1st 2003, Plaintiff did turning in the five thousand dollar monitor which he was made to sign for back to the Worcester County Sheriff's Department Fitchburg Community Corrections Center and sergeant Michael J. Joubert did remove the ankle-Bracelet from Plaintiff's right-ankle and took monitor which was in good condition. On (Tuesday) September 2nd 2003, Plaintiff was taken into custody for said violations of not complying with rules and completion of said program.

17. On September 17th 2003, Plaintiff found himself once again before defendant Parole examiner Steven Kelly. Plaintiff explained to the Examiner that he had been placed in a probation program which he was never sentence to and that he had participated willingly and had completed said program.

18. Plaintiff pointed out to the examiner the fact that Plaintiff had not gone before a Judge who give him a sentence of probation to Electronic Monitoring-Bracelet program, that Plaintiff had not singed a contract for such a program, yet, Parole Examiner Steve Kelly did find Plaintiff guilty of the violations and recommended for plaintiff's parole previledges be revoke and Plaintiff be returned to incarceration.

19. On November 1st 2003, Plaintiff was taken from Massachusetts Correctional Institution, Concord, Massachusetts by New York – Interstate division of Parole